# Exhibit K

# PROMISSORY NOTE

July 29th, 2025

| | |
|---|---|
| "**Borrower**": | **Vesta Holdings, LLC**, a limited liability company, having an address for notices of 6911 S. 66th E. Ave., Suite 100, Tulsa, OK 74133, Attention: Marc Kulick, Email: legalnotices@vestarealproperty.com |
| "**Lender**": | **12 Oak Lending, LLC,** a limited liability company, having an address for notices of 3905 Homestead Court, Prairie Village, KS 66208, Attention: John Alex Upperman Email: upperman33@gmail.com |
| "**Principal Amount**": | **Two Million Five Hundred Twenty-Five Thousand Dollars ($2,525,000)** Consisting of multiple disbursements made by Lender to Borrower between November 20, 2024, and July 21, 2025, as further described on _Exhibit A_ attached hereto and incorporated herein. Borrower acknowledges and agrees that $500,000 of the total Principal Amount (the "Worcester Portion") is currently being serviced by Worcester Lending, and this Note reflects Lender's interest in the Worcester Portion as part of the overall obligation. |
| "**Original Maturity Date**": | January 1, 2026 |
| "**Maturity Date**": | The first to occur of (i) the Original Maturity Date, and (ii) the date on which an Event of Default (defined below) occurs |
| "**Fee**": | The Principal Amount shall accrue interest at a fixed rate of twenty percent (20%) per annum, calculated on the basis of a 365-day year. All outstanding principal and accrued interest shall be due and payable in full on or before January 1, 2026 (the "Maturity Date"). |
| "**Note**": | This Promissory Note, as same may be amended, renewed, extended, substituted for, amended and restated, or otherwise modified from time to time |
| "**Loan Documents**": | Collectively, this Note; the Collateral Pledge and Security Agreement of even date herewith between Lender and Marc Kulick, an individual ("**Guarantor**") (as same may be amended, renewed, extended, substituted for, amended and restated, or otherwise modified from time to time, the "**CPSA**"); the Guaranty of even date herewith made by Guarantor in favor of Lender, as same may be amended, renewed, extended, substituted for, amended and restated, or otherwise modified from time to time; and any other document that is executed in connection with the Loan from time to time |
| "**Loan**": | The Loan from Lender to Borrower, as evidenced by this Note and the other Loan Documents |
| "**OPB**": | At any given time, the sum of (i) the outstanding Principal Amount, (ii) any and all capitalized interest on the Loan, (iii) any additional advances that Lender has made under the Loan (including to pay amounts due from Borrower that Borrower has not paid), and (iv) any other amounts that are due or have accrued under the Loan and have not been paid (excluding interest that has not been capitalized) |
| "**Payoff Amount**": | At any given time, the sum of (i) the outstanding principal balance ("OPB"), (ii) all interest on the Loan that has accrued and not been paid or capitalized, and (iii) any other amounts due under the Loan (including under this Note) if the OPB |

1

were to be prepaid.

"**Payment Default**": A failure to pay any amount that is due under this Note that is not cured within one (1) business day after Lender notifies Borrower thereof

"**Event of Default**": Each of the following: (i) a Payment Default; (ii) Borrower defaults in the performance or observance of any other term or condition in this Note, and such default is not cured within thirty (30) days after Lender notifies Borrower thereof (provided, however, that if such default is of a nature that it reasonably cannot be cured within thirty (30) days, then Borrower shall have up to ninety (90) days total to cure such default as long as Borrower is proceeding diligently and in good faith to cure such default); and (iii) the occurrence of an "Event of Default" under any other Loan Document

"**Application of Third-Party Loan Proceeds**": Borrower shall immediately apply 50% of all loan repayments, proceeds, or distributions received from loans made by Borrower or its affiliates to the following properties: Lakeside, Shoreline, Lofts at North Penn, Riverpark, 727 Lofts, The Classen, Summer Oaks, Springdale Village, Bryan Hill, Eaton Place, One Eaton, Woodland Manor, toward amounts due under this Note. Such payments shall be remitted to Lender within two (2) business days of receipt. Borrower's failure to remit any such amounts shall constitute a Payment Default.

1.    PROMISE TO PAY.  For value received, Borrower promises to pay to the order of Lender the Loan, together with any other amounts due under this Note and any other Loan Document, on or before the Maturity Date.

2.    PRINCIPAL AND INTEREST.

2.1.    ACCRUAL.  Interest shall accrue on the OPB at the Interest Rate, subject to §4.

2.2.    PAYMENTS.

2.2.1.    Interest that has accrued on the OPB shall be due in arrears on (i) the first day of the first calendar month following the date of this Note, (ii) the first day of each succeeding calendar month thereafter, and (iii) on the Maturity Date.

2.2.2.    On the Maturity Date, the entire Payoff Amount shall be due.

2.2.3.    All payments under the Loan must be made in immediately available U.S. funds.

2.3.    DUE DATE.  Whenever any payment is stated to be due or a computation is to be made on a day that is not a business day, such payment or computation will be made on the immediately following business day.

2.4.    APPLICATION.  Each payment under the Loan shall be applied when received as follows: first, to any fees, penalties, expenses, and other costs (including reasonable attorneys' fees and costs incurred hereunder or under any other Loan Document) that Borrower is obligated to pay hereunder or under any other Loan Document; second, to interest on the Loan that has accrued, not been paid, and not been capitalized; and the remainder to reduce the OPB.

Docusign Envelope ID: E18AC445-6183-4942-A0E0-944607F86407

2.5. PREPAYMENTS.  Without penalty, fee, or premium, the Loan may be prepaid in whole or in part from time to time.

2.6. LATE FEE.  If any payment that is due under the Loan (excluding the Payoff Amount) is not timely paid, then a late charge equal to Ten percent (10%) of the amount of such payment shall immediately and automatically accrue.  Borrower (i) acknowledges that a late payment would result in losses and expenses to Lender such as lost opportunity costs and increased costs of collection, (ii) agrees that the actual losses and expenses in connection with a late payment are unpredictable and uncertain (and may be less or more than the late charge), and (iii) agrees that such charge is a fair, *ex ante* agreement on such losses and expenses.

3. EVENT OF DEFAULT.  If an Event of Default occurs, then Lender may exercise any lawful rights and remedies that may be available to Lender, whether at law, in equity, or otherwise.  In addition thereto and without limiting the foregoing, (i) the commitment and obligation of Lender to extend credit or to make disbursements under this Note or any other Loan Document shall immediately and automatically terminate, (ii) Borrower shall indemnify, defend, and hold Lender harmless from and against any actual loss, damage, harm, injury, claim, liability, cost, or expense (including reasonable attorneys' fees) that is caused by such Event of Default or arises therefrom, and (iii) while an Event of Default exists, the OPB shall accrue interest at a rate equal to the Interest Rate plus five percent (5%) per annum.

4. WAIVER.  Borrower—for itself and all endorsers, guarantors and sureties of this Note, and each of them, and their successors and assignees, respectively—hereby (i) waives presentment for payment, demand, notice of nonpayment, notice of dishonor, protest of any dishonor, notice of protest and protest of this Note, and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note (excepting only notices expressly provided for herein), and agrees that its liability shall be unconditional and without regard to the liability of any other party and shall not be in any manner affected by any indulgence, extension of time, renewal, waiver or modification granted or consented to by the Lender; (ii) consents to every extension of time, renewal, waiver or modification that may be granted by Lender with respect to the payment or other provisions of this Note, and to the release of any borrowers, makers, endorsers, guarantors or sureties, or of the collateral pledged under the CPSA (the "**Collateral**"), or any part hereof, with or without substitution, and agrees that additional borrowers, makers, guarantors or endorsers may become parties hereto without notice to Borrower and without affecting the liability of Borrower hereunder; and (iii) waives the right to assert a setoff, counterclaim, or deduction in any action or arising out of or in any way connected with this Note or any other Loan Document (except for compulsory counterclaims and the defense of full performance).  No right of rescission, setoff, abatement, diminution, counterclaim, or defense has been or will be asserted with respect to this Note or any other Loan Document.

5. SECURITY.  This Note is secured by, and Lender is and shall be entitled to the benefits of, the liens, encumbrances, and obligations on the Collateral that are created by this Note and the other Loan Documents.  In connection therewith, the applicable terms and provisions of the other Loan Documents are hereby incorporated herein.

6. BUSINESS LOAN; USURY.

6.1. Borrower represents and warrants that (i) the entire proceeds of the Loan will be used to further the business purposes and objectives of it and its affiliates, and (ii) none of the proceeds of the Loan will be used for personal, family, or household purposes.  Borrower shall not, whether directly or indirectly, use any proceeds of the Loan (a) for the purpose of purchasing or carrying any margin stock within the meaning of Regulation U of the Board of Governors of the Federal Reserve System, (b) to extend credit to any person for the purpose of purchasing or carrying any such margin stock, or (c) for any purpose which violates, or is inconsistent

Docusign Envelope ID: E18AC445-6183-4942-A0E0-044607F86407

with, Regulation X of such Board of Governors.

6.2.    If the interest rate under this Note exceeds the maximum lawful interest rate at any time, the interest rate under this Note, for such period of time which it exceeds the maximum lawful rate, will be reduced to and will equal the maximum lawful rate at such time.  If Lender receives any interest payments in excess of the maximum amount permitted by law, then (i) such excess will be applied to reduce the OPB, whether then due and payable or not, and any other amounts owing under this Note, and (ii) the balance remaining, if any, will be returned to Borrower upon Borrower's request.

7.    MISCELLANY.

7.1.    JOINT AND SEVERAL LIABILITY.  If more than one person or entity constitutes "Borrower," then all obligations of any kind under this Note (including all liabilities) shall be joint and several to each person or entity that constitutes "Borrower" from time to time.

7.2.    NOTICES, DISBURSEMENTS, AND PAYMENTS.

7.2.1.    Each notice, request, demand, approval, consent, and other communication that pertains to this Note (each, a "**notice**") must be in writing, be delivered to the address(es) set forth on the first page of this Note, and be delivered (a) personally, (b) by a national overnight courier, or (c) by electronic mail (provided, however, that any notice delivered personally or by a national overnight courier must also be sent on the same day by electronic mail).  Each notice shall be deemed to have been given when it is received or refused (whether affirmatively or due to the recipient failing to maintain a current address for receiving notices with the sender).

7.2.2.    Each disbursement or payment under this Note (as applicable) shall be made using wire, ACH, or other such instructions that Borrower or Lender (as applicable) provides to the other party from time to time.  Each such disbursement or payment shall be deemed to have been made when it is received.

7.2.3.    From time to time, each of Borrower and Lender may (i) change its address for receiving notices and/or instructions for receiving disbursements or payments (as applicable), and (ii) specify up to two (2) additional addresses for receiving a copy of any notice, in each case by delivering a notice thereof to the other party in accordance with §8.2.1 above at least five (5) days in advance.

7.3.    TRANSFER OF LOAN.  Without Lender's prior approval, Borrower shall not assign, delegate, or otherwise transfer or convey any of its rights or obligations with respect to the Loan. Subject to the foregoing, Borrower's obligations with respect to the Loan shall bind Borrower's successors and assignees.

7.4.    GOVERNING LAW AND JURISDICTION.  THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF OKLAHOMA, WITHOUT REGARD TO CONFLICT-OF-LAW PRINCIPLES.  BORROWER HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY COURT OF COMPETENT JURISDICTION LOCATED IN TULSA COUNTY, OKLAHOMA, IN CONNECTION WITH ANY PROCEEDING OUT OF OR RELATING TO THIS NOTE.

7.5.    WAIVER OF RIGHT TO JURY TRIAL.  EACH OF BORROWER AND LENDER HEREBY WAIVES ITS RESPECTIVE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, THE SUBJECT MATTER OF THIS

Docusign Envelope ID: E18AC445-6183-4942-A0E0-044607F86407

NOTE AND THE BUSINESS RELATIONSHIP THAT IS BEING ESTABLISHED. THIS WAIVER IS KNOWINGLY, INTENTIONALLY, AND VOLUNTARILY MADE BY BORROWER AND LENDER, AND BORROWER ACKNOWLEDGES THAT NEITHER THE LENDER NOR ANY PERSON ACTING ON BEHALF OF THE LENDER HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR HAS TAKEN ANY ACTIONS WHICH IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. BORROWER AND LENDER ACKNOWLEDGE THAT THIS WAIVER IS A MATERIAL INDUCEMENT TO ENTER INTO A BUSINESS RELATIONSHIP, THAT BORROWER AND LENDER HAVE ALREADY RELIED ON THIS WAIVER IN ENTERING INTO THIS NOTE, AND THAT EACH OF THEM WILL CONTINUE TO RELY ON THIS WAIVER IN THEIR RELATED FUTURE DEALINGS. BORROWER AND LENDER FURTHER ACKNOWLEDGE THAT THEY HAVE BEEN REPRESENTED (OR HAVE HAD THE OPPORTUNITY TO BE REPRESENTED) BY INDEPENDENT LEGAL COUNSEL IN MAKING THIS WAIVER.

7.6.    TIME OF ESSENCE.  Time is of the essence in this Note.

7.7.    SEVERABLE PROVISIONS.  Every provision of this Note is intended to be severable.  If any term or provision hereof is declared by a court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason whatsoever, such illegality, invalidity or unenforceability shall not affect the balance of the terms and provisions hereof, which shall remain binding and enforceable.

7.8.    INTERPRETATION.  Unless specifically written to the contrary, (i) all instances of "including" and other derivations of "include" in this Note shall mean "including, without limitation," and (ii) all instances of "any" shall mean "any and all."  Section headings shall be for convenience and reference only—not interpretation.

7.9.    NO ORAL MODIFICATION; INTEGRATION.  This Note and any other Loan Document may be amended or revised only by a written instrument that is signed by Borrower and Lender.  This Note, together with any other Loan Documents, (i) supersedes any prior commitments, agreements, representations, and understandings (whether oral or written) between Borrower and Lender regarding the subject matter hereof and thereof, and (ii) may not be contradicted or varied by evidence of prior, contemporaneous, or subsequent oral agreements or discussions between Borrower and Lender.  Each of Borrower and Lender acknowledges and agrees that there are no oral agreements between Borrower and Lender.

7.10.   EXECUTION AND STORAGE.

7.10.1. This Note may be executed in counterpart signature pages.  Electronic and other non-original signatures on this Note shall be permitted, shall be deemed to be original signatures, and shall be as effective as originals for all purposes.  Without limiting the foregoing, this Note may be executed, accepted, and/or agreed to through the use of an electronic signature in accordance with the Electronic Signatures in Global and National Commerce Act, Title 15, United States Code, §§7001 et seq., the Uniform Electronic Transaction Act, and any applicable state law.  Any Note that is executed, accepted, and/or agreed to in conformity with such laws shall be binding on the parties hereto as though such Note had been physically executed using so-called "wet ink" signatures.

7.10.2. A copy of this Note may be stored by each party using any electronic or digital storage method or process, and each party may destroy any original Note so stored.  All parties hereto agree and stipulate that any reproduction of this Note that has been

Docusign Envelope ID: E18AC44F-6183-4942-A0E0-044607F86407

electronically or digitally stored shall be admissible in evidence as the original itself in any judicial, arbitration, or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made by each party in the regular course of business), and that any further reproduction of such reproduction shall likewise be admissible in evidence.

[signature page follows]

Docusign Envelope ID: E18AC44F-6183-4942-A0E0-044607F86407

IN WITNESS WHEREOF, Borrower has executed this Note as of the first date written above.

**BORROWER**

**Vesta Holdings, LLC**, a limited liability company

By: *Marc Kulick*

Name: Marc Kulick
Title: Manager

**LENDER**

**12 Oak Lending, LLC,** an limited liability company

By: *John Alex Upperman*

Name: John Alex Upperman

7

**EXHIBIT A**

| Date of Loan | Amount | Principal Payments | Notes |
|---|---|---|---|
| 11/20/2024 | $450,000 | | OKC3 Loan |
| 1/29/2025 | $300,000 | | |
| 1/30/2025 | $250,000 | | |
| 1/31/2025 | $300,000 | | |
| 2/5/2025 | $150,000 | | |
| 3/17/2025 | $500,000 | | 727 Loan Paydown & Rate Cap; Serviced by worcester |
| 3/31/2025 | $250,000 | | |
| 6/27/2025 | $250,000 | $125,000 | |
| 7/21/2025 | $200,000 | | |
| | $2,650,000 | $125,000 | |