**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOHN ALEX UPPERMAN, individually; ILLINI HOLDINGS, LLC; THRIVE REAL ESTATE, LLC; WILDWOOD ASSETS, LLC; TU PROPERTIES, LLC; OAK STREET CAPITAL, LLC; and 12 OAK LENDING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARC KULICK, individually; VESTA REALTY, LLC; VESTA HOLDINGS, LLC; LOUIS INVESTMENTS, LLC; and ASSET HOLDER, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-CV-383-GKF-SH |

## <u>ORDER</u>

This matter comes before the court on the Emergency Motion to Intervene [Doc. 20] of YSA Investments 1, LLC. For the reasons set forth below, the motion is denied without prejudice to its reassertion.

Pursuant to Federal Rule of Civil Procedure 24, YSA Investments 1, LLC seeks to intervene in this matter for the limited purpose of participating in proceedings related to plaintiffs' Motion for Appointment of a Federal Equity Receiver [Doc. 6]. Federal Rule of Civil Procedure 24 provides, in part, as follows:

> (c) **Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

"Compliance with these requirements is mandatory." 6 MOORE'S FEDERAL PRACTICE CIVIL § 24.20.

Having reviewed YSA's motion to intervene, it is deficient. *First,* the motion is not accompanied by a pleading that sets out the claim or defense for which intervention is sought. *Second,* the motion does not address service on defendants. For these reasons, the motion is denied without prejudice.

WHEREFORE, the Emergency Motion to Intervene [Doc. 20] of YSA Investments 1, LLC is denied without prejudice to its reassertion.

IT IS FURTHER ORDERED that, on or before June 30, 2026 at 5:00 p.m., YSA may file an amended motion to intervene. The amended motion shall: (1) be accompanied by a pleading setting out the claim or defense for which intervention is sought, and (2) be served upon defendants Marc Kulick; Vesta Realty, LLC; Vesta Holdings, LLC; Louis Investments, LLC; and Asset Holder, LLC or, alternatively, address why service upon defendants is not required.

IT IS SO ORDERED this 29th day of June, 2026.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE