IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**JOHN ALEX UPPERMAN, et al.,**

Plaintiffs,

*v.*

Case No. 25-CV-383-GKF-SH

**MARC KULICK, et al.,**

Defendants.

**INTERVENOR YSA INVESTMENTS 1, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
COUNT VIII OF PLAINTIFFS' VERIFIED COMPLAINT AND
RELATED RELIEF**

Intervenor YSA Investments 1, LLC submits this Answer and Affirmative Defenses to Count VIII of Plaintiffs' Verified Complaint and to related relief, stating:

**LIMITED APPEARANCE**

1. YSA appears and intervenes solely for the limited purpose of opposing Plaintiffs' request to appoint a receiver and related relief, which includes the Verified Complaint's claim for relief asserted in Count VIII: Appointment of Federal Equity Receiver and paragraphs D, E, H, and I of the Prayer for Relief, and Motion for Appointment of a Federal Equity Receiver.

2. YSA does not intervene as to, and does not answer, Plaintiffs' other causes of action, including Plaintiffs' RICO and non-receivership state-law claims. Those actions are directed to other parties, not YSA, and therefore require no response from YSA. To the extent any such allegations are construed to be directed to, concern, or implicate YSA, they are denied. Except as expressly admitted herein,

EXHIBIT 1
Page 1 of 8

YSA denies each and every remaining factual allegation within the Verified Complaint.

## ANSWER TO COUNT VIII
### APPOINTMENT OF FEDERAL EQUITY RECEIVER
**(numbered to mirror Verified Complaint [Dkt. 2])**

131.    Paragraph 131 of the Verified Complaint does not contain a factual allegation and, therefore, no response is required. To the extent a response is required, YSA denies the allegations.

132.    YSA denies the allegations, assertions, and inferences in Paragraph 132 of the Verified Complaint.

133.    YSA denies the allegations, assertions, and inferences in Paragraph 133 of the Verified Complaint.

134.    YSA admits that Kulick has contested the relief requested by lenders under Oklahoma law, including the appointments of receivers. YSA further admits that federal receivers, by their very nature and federal authority, are not directly subject to state laws and procedures. YSA denies the remaining allegations, assertions, and inferences in Paragraph 134 of the Verified Complaint.

135.    YSA admits that lenders, including Fannie Mae, have filed foreclosure actions against Kulick and the Property Entities, asserting they have not received debt services in months. YSA lacks sufficient information to admit or deny the factual allegations on the amount of rents received across the portfolio and which lenders are and are not receiving debt service payments, and therefore, denies

EXHIBIT 1
Page 2 of 8

them. YSA denies the remaining allegations, assertions, and inferences in Paragraph 135 of the Verified Complaint.

136.    YSA denies the allegations, assertions, and inferences in Paragraph 136 of the Verified Complaint.

137.    YSA admits that Plaintiffs contemporaneously filed a Motion for Appointment of a Federal Equity Receiver [Dkt. 6], consistent with and in addition to Count VIII of the Verified Complaint.

### ANSWER TO COMPLAINT'S PRAYER FOR RELIEF

Subsections A, B, C, F, and G of the Verified Complaint's Prayer for Relief are for causes of actions not directed at YSA, therefore no response is required. As for Subsections D, E, H, and I, YSA denies that such remedies are appropriate or warranted considering more traditional and narrower remedies are adequate.

### AFFIRMATIVE DEFENSES

1.   **Venue and forum objections as to receivership relief.** To the extent Plaintiffs seek enterprise-wide receivership relief affecting multistate entities, properties, and disputes already subject to other proceedings and jurisdictions, Count VIII and the requested relief are not properly brought in this forum, or alternatively should be denied, stayed, or transferred in the interest of justice and sound judicial administration.

2.   **The exercise of federal jurisdiction here would be improper.** The request for a receiver asks the court to exercise *in rem* jurisdiction over property

EXHIBIT 1
Page 3 of 8

currently under the jurisdiction of a state court, and the Court lacks such jurisdiction, or in the alternative should abstain from exercising jurisdiction.

3. **Comity and duplication.** The requested receivership would create unnecessary duplication and potential interference with relief sought or entered in other courts and proceedings, including property-specific actions and other litigation involving rights in the same assets, and should therefore be denied on equitable and comity grounds.

4. **Lack of sufficient property interest to seek receivership.** Plaintiffs' receivership request is barred, in whole or in part, because Plaintiffs lack a property interest in the assets and real property over which they seek receivership control. Plaintiffs allege only investor and unsecured creditor interests, which are not interests in property that would support receivership of the properties.

5. **Failure to satisfy the standard for receivership.** Appointment of a receiver is an extraordinary and sparingly exercised equitable remedy, and Plaintiffs have not established the urgent necessity, the inadequacy of other remedies, or equitable basis to justify relief here.

6. **Adequate legal remedies exist.** Plaintiffs and other stakeholders have adequate legal and contractual remedies, including foreclosure, guaranty enforcement, contract enforcement, state-court receivership proceedings, and other creditor remedies, which weigh against the appointment of a federal equity receiver.

EXHIBIT 1
Page 4 of 8

7. **Less drastic alternatives are available.** The relief sought in Count VIII should be denied because narrower and less disruptive alternatives exist to address any legitimate concerns regarding asset preservation, control, and operations without imposing a portfolio-wide federal receivership.

8. **Overbreadth.** Plaintiffs' requested receivership is overbroad because it seeks plenary authority over multiple entities, assets, and jurisdictions, together with litigation, governance, and bankruptcy powers, far beyond what is necessary to preserve any specific property or protect any particular claimed interest.

9. **Undue prejudice to third-party property rights and contractual rights.** The requested receivership would improperly impair and interfere with the property, lien, governance, and contractual rights of nonparties and intervening stakeholders, including YSA's asserted secured, ownership, and control interests in the underlying collateral, assets, and related entities.

10. **Balance of equities.** The balance of harms does not favor receivership because the appointment of a federal receiver would create additional cost, disruption, uncertainty, and conflict with existing creditor remedies, pending proceedings, and control transitions, and would likely do more harm than good.

11. **Unclean hands, laches, and other equitable defenses.** Plaintiffs' claims for equitable relief in Count VIII and related relief are barred in whole or in part by the doctrine of unclean hands and/or laches. Plaintiffs have engaged in inequitable, unfair, and bad-faith conduct directly related to the subject matter of the requested receivership, including seeking to use a federal equity receiver as a

EXHIBIT 1
Page 5 of 8

strategic device to circumvent state-law procedures and ongoing creditor enforcement, to interfere with existing contractual and property rights, and to gain litigation leverage in disputes over control of the same assets. Plaintiffs have been aware of the alleged fraudulent conduct for some time, but waited to seek a federal receiver until after YSA and other lenders had begun state-court litigation, prejudicing YSA and the other lenders. Such conduct violates principles of equity and fair dealing and, as a result, Plaintiffs are not entitled to the extraordinary equitable relief they seek.

12. **Reservation of additional defenses.** YSA reserves the right to assert such other and further defenses as may become available through further investigation, discovery, factual development, or legal briefing.

EXHIBIT 1
Page 6 of 8

## PRAYER FOR RELIEF

WHEREFORE, Intervenor YSA Investments 1, LLC requests that the

Court:

A.  Deny Count VIII of Plaintiffs' Verified Complaint and related relief as to

the appointment of a receiver and the grant of receivership-style relief;

and

B.  Award such other and further relief as the Court deems just and proper.

DATED: June 30, 2026                                Respectfully submitted,

                                        /s/ Andrew J. Hofland
                                        Andrew J. Hofland, OBA No. 33396
                                        Justin A. Lollman, OBA No. 32051
                                        Fenella J. Flanagan, OBA No. 36387
                                        **HOFLAND/LOLLMAN**
                                        401 S. Boston Ave., Suite 500
                                        Tulsa, Oklahoma 74103
                                        Telephone:    918.221.7440
                                        Fax:          918.221.7556
                                        *ahofland@hoflandlollman.com*
                                        *jlollman@hoflandlollman.com*
                                        *fflanagan@hoflandlollman.com*

                                        **COUNSEL FOR INTERVENOR
                                        YSA INVESTMENTS 1, LLC**

7

EXHIBIT 1
Page 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Northern District of Oklahoma using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are registered CM/ECF users in this case.

I further certify that on June 30, 2026, I served a true and correct copy of the foregoing document on the following parties, who have not yet entered an appearance or are not registered CM/ECF users, by first-class mail:

**MARC KULICK**
14681 S. 82nd E Ave, Apt. 5305
Bixby, OK 74008

**DEFENDANT**

**VESTA REALTY, LLC**
1422 E 71st Street, Suite J
Tulsa, OK 74136

**DEFENDANT**

**VESTA HOLDINGS, LLC**
**c/o VESTA REALTY, LLC**
6911 S 66th E Ave, Suite 100
Tulsa, OK 74133

**DEFENDANT**

**LOUIS INVESTMENTS, LLC**
**c/o VESTA REALTY, LLC**
14681 S 82nd E Ave
Bixby, OK 74008

**DEFENDANT**

**ASSET HOLDER, LLC**
**c/o VESTA REALTY, LLC**
6911 S 66th E Ave, Suite 100
Tulsa, OK 74133

**DEFENDANT**

*/s/ Andrew J. Hofland*
Andrew J. Hofland

8

EXHIBIT 1
Page 8 of 8