# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHN ALEX UPPERMAN, individually;  )
ILLINI HOLDINGS, LLC; THRIVE REAL  )
ESTATE, LLC; WILDWOOD ASSETS,      )
LLC; TU PROPERTIES, LLC; OAK STREET )     Case No. 26-cv-383-GKF-SH
CAPITAL, LLC; and 12 OAK LENDING, LLC, )
                                   )
    Plaintiffs,                )
v.                                 )
                                   )
MARC KULICK, individually; VESTA   )
REALTY, LLC; VESTA HOLDINGS, LLC;  )
LOUIS INVESTMENTS, LLC, and ASSET  )
HOLDER, LLC,                       )
                                   )
    Defendants.                )

## PLAINTIFFS' RESPONSE TO YSA INVESTMENTS 1, LLC'S AMENDED EMERGENCY MOTION TO INTERVENE [DKT. 24]

Plaintiffs, John Alex Upperman; Illini Holdings, LLC; Thrive Real Estate, LLC; Wildwood Assets, LLC; TU Properties, LLC; Oak Street Capital, LLC; and 12 Oak Lending, LLC, do not oppose YSA Investments 1, LLC ("YSA") request to intervene under the doctrine of permissive intervention under Fed. R. Civ. P. 24 (b). This should not be deemed acquiescence to YSA's positions; as set forth below, YSA has left a few details out of its Motion.

Plaintiffs *do*, however, object to any request by YSA to postpone the hearing presently set on July 14, 2026 on Plaintiffs' Motion for Appointment of a Receiver. YSA and its counsel are familiar with all of the issues in this case, and should not require additional time to participate in the hearing.

YSA intentionally omits several material and relevant facts in its Motion to Intervene. First, YSA's claim that it has "far more at stake than Plaintiffs"[1] is deceptive. YSA entered into

---

[1] Dkt. 24, p 2.

multiple Collateral Pledge and Security Agreements with Asset Holder, LLC and Vesta Holdings, LLC between February 18, 2025 and July, 2025. Marc Kulick ("Kulick") personally guaranteed all of the loans. These two companies are solely owned by Marc Kulick.

Kulick, through Defendants Louis Investments and Vesta Realty, has been managing each of the properties which are subject to Plaintiffs' request for a receiver. Kulick entered into various transactions with YSA without informing any borrowers or investors. YSA *knew* that Kulick's acts were *ultra vires* and knew or should have known that the commercially unreasonable and usurious loan agreements between YSA and Kulick would not have been approved by any sane investor, property owner, or senior secured lender (each of whom possessed consent rights under the relevant loan agreements to the incurrence of additional non-ordinary indebtedness). Defendants ultimately defaulted on four loans to YSA. Terms of each loan are as follows:

1. The February, 2025 loan is in the principal amount of $1,500,000.00 with an interest rate of 133.333% per annum, compounded monthly.

2. The April, 2025 loan is in the principal amount of $300,000.00 with an interest rate of 1500% per annum, compounded monthly.

3. The July 15, 2025 loan is in the principal amount of $365,000.00 with an interest rate of 960% per annum, compounded **daily**.

4. **The July 31, 2025 loan is in the principal amount of $317,000.00 with an interest rate of *7000% per year*, compounded daily.**

YSA has now used the terms of its usurious loan agreements as a pretext for a hostile takeover of thirty-four (34) multi-family real estate assets in Oklahoma, Arkansas, and Kansas. Although YSA points to foreign litigation on the subject, the Court should note that YSA did not join any party other than Kulick and his two companies in Delaware to that litigation. YSA's rights in relation to borrowers, lenders, and investors have not yet been adjudicated. There is little doubt that under Oklahoma law, the interest rates are both unconscionable, exorbitant, and unlawful.

Plaintiffs will contest the enforcement of YSA's second mortgages as they impact borrowers, lenders, and investors.

To the extent that YSA seeks to address these issues here in Oklahoma, and with the proper parties, Plaintiffs have no objection to YSA's participation as a permissive intervenor.

DATED: July 8, 2026

Respectfully submitted,

/s/Stephen Q. Peters
Stephen Q. Peters, OBA #11469
Jason A. McVicker, OBA #31150
Thomas M. Askew, OBA #13568
Sharon K. Parker, OBA #19010
**JPM LAW** | JAYNE PETERS MCVICKER
BURKE ASKEW & PARKER
401 S. Boston Avenue, Suite 2000
Tulsa, Oklahoma 74103
Telephone: 918/938.7944
Facsimile: 918/938.7966
speters@jpmlawgroup.com
jmcvicker@jpmlawgroup.com
taskew@jpmlawgroup.com
sparker@jpmlawgroup.com

and

Marc R. Greenberg (*pro hac vice* pending)
TUCKER ELLIS LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071-2223
Phone: 213-430-3400
Fax: 213-430-3409
E-mail: marc.greenberg@tuckerellis.com

and

Thomas R. Fawkes (*pro hac vice* pending)
TUCKER ELLIS LLP
233 S. Wacker Dr., Suite 6950
Chicago, IL 60606
Phone: 312-624-6300
Fax: 312-624-6309
E-mail: thomas.fawkes@tuckerellis.com

**ATTORNEYS FOR PLAINTIFFS, JOHN ALEX UPPERMAN, ILLINI HOLDINGS, LLC; THRIVE REAL ESTATE, LLC; WILDWOOD ASSETS, LLC; TU PROPERTIES, LLC; OAK STREET CAPITAL, LLC; and 12 OAK LENDING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Northern District of Oklahoma using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are registered CM/ECF users in this case.

And, as a courtesy, since the following attorney is known to be actively representing the Defendants in other matters, he has been notified of the filing of this Notice:

Andrew Shank
2727 E 21st St Ste 200
Tulsa, OK 74114-3533
(918)747-8900
AShank@EllerDetrich.com

DATED: July 8, 2026

/s/ Stephen Q. Peters
Attorney for Plaintiffs

4