15712.000

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

1) John Alex Upperman, individually;
2) Illini Holdings, LLC;
3) Thrive Real Estate, LLC;
4) Wildwood Assets, LLC;
5) TU Properties, LLC;
6) Oak Street Capital, LLC; and
7) 12 Oak Lending, LLC

      Plaintiffs,

v.

8) Marc Kulick, individually;
9) Vesta Realty, LLC;
10) Vesta Holdings, LLC;
11) Louis Investments, LLC; and
12) Asset Holder, LLC,

      Defendants.

Case No. 26-cv-00383-GKF-SH

## AUERBACH OPPORTUNITY FUND'S EMERGENCY MOTION TO INTERVENE

Auerbach Opportunity Fund I, LP ("AOF I"), Auerbach Opportunity Fund III, LP ("AOF III"), and Auerbach Opportunity Fund IV, LP ("AOF IV") (AOF I, AOF III, and AOF IV, collectively "AOF"), pursuant to Federal Rule of Civil Procedure 24(a)(2) and, alternatively, Rule 24(b), move to intervene in this action for the limited purpose of responding and objecting to Plaintiffs' Motion for Appointment of a Federal Equity Receiver [Doc. 6] (the "Motion for Receiver"). The requested receivership relief is extraordinary and seeks to impose immediate and plenary authority over certain assets in which AOF or its affiliates and subsidiaries hold majority and/or controlling interests and which are alleged to have been affected by wrongdoing on the part of Defendants Marc Kulick ("Kulick"), Vesta Realty, LLC ("Vesta Realty"), Vesta Holdings, LLC ("Vesta Holdings"), Louis Investments, LLC ("Louis Investments"), and Asset Holder, LLC ("Asset Holder") (collectively, "Defendants"). As the requested relief would directly and

immediately affect AOF's substantial property, financial, contractual, and governance interests in the underlying assets, intervention is necessary before this Court adjudicates any request for expedited receivership relief.

## BACKGROUND

Plaintiffs John Alex Upperman ("Upperman"), Illini Holdings, LLC ("Illini"), Thrive Real Estate, LLC ("Thrive"), Wildwood Assets, LLC ("Wildwood"), TU Properties, LLC ("TU Properties"), Oak Street Capital, LLC ("Oak Street"), and 12 Oak Lending, LLC ("12 Oak") (collectively, "Plaintiffs") seek appointment of a receiver through Fed. R. Civ. P. 66 and the Court's inherent equitable powers over the Defendant entities and the underlying real property. Plaintiffs' Motion for Receiver seeks the appointment of a receiver over the Defendant entities and, broadly, over a real estate portfolio that covers thirty (30) real properties: namely, apartment complexes throughout Oklahoma, Kansas, and Arkansas comprised of over 9,000 units. *See, e.g.,* Motion for Receiver [Doc. 6, at Ex. A]. AOF holds majority and/or controlling interests in: Copperfield Apartments, One Eton Square, Remington Ranch Apartments, The Capitol on 28th, Drexel Flats, Fairfax, Village Creek, Putnam Green, and 23 East (the "Nine Properties"). *See* Exhibit A, Affidavit of Peter Auerbach, ¶ 6.

Although Plaintiffs assert that Kulick, in the course of managing these properties, has dissipated assets and engaged in "gross mismanagement and fraudulent conduct," AOF has observed no such behavior from Kulick in the course of their relationship.

AOF's interest in the nine properties are majority and/or controlling interests and/or sale or refinance rights that are accompanied by substantial property, financial, contractual, and governance rights. *See* Ex. A, ¶ 6. Notably, reserved to AOF in a number of the Nine Properties is major decision-making approval, including the right to initiate bankruptcy proceedings, remove

property managers, and the undertaking of loans and other encumbrances, among other rights. The extent of Plaintiffs' interests in the Nine Properties is significantly narrower: Plaintiffs, specifically Upperman and Illini, are guarantors on four of the Nine Properties and otherwise hold *de minimis* membership interests in the entities controlling the Nine Properties. In total, Upperman's interest, through Illini, in upstream entities of the Nine Properties ranges from one-quarter percent (0.25%) to one and four-fifths percent (1.875%) with Illini holding not more than a three and three-quarter percent (3.75%) membership interest in total on any of the Nine Properties. Upperman does not have any governance rights or property control rights; rather, merely possesses a membership interest in an upstream entity. Despite his *de minimis* interest, Upperman now seeks to impose a portfolio-wide receiver based on broad allegations of wrongdoing that AOF has not observed in the course of its relationship with Kulick and the other Defendants as to the Nine Properties. As AOF has substantial property, financial, governance, and contractual rights in the properties that will be impaired by the appointment of a portfolio-wide receiver and AOF's interests are not adequately represented by Defendants, AOF is entitled to intervene as of right, or alternatively, be allowed to permissively intervene.

1.    **AOF is entitled to intervene as a matter of right.**

Under Fed. R. Civ. P. 24(a), the Court must permit intervention as a matter of right when (1) the application is timely, (2) the application claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by the existing parties. *Elliott Industries Ltd. Partnership v. BP America Production Co.*, 407 F.3d 1091, 1103 (internal

3

citations omitted). Courts generally construe Rule 24(a) liberally. *Id.* AOF, the proposed intervenor, satisfies all four requirements for intervention as a matter of right.

### a. The motion is timely.

AOF brings this motion promptly after learning independently of Plaintiffs' Motion for Receiver and its Ex Parte Motion for Order Setting Expedited Hearing [Doc. 7]. Those motions were filed on Thursday, June 25, 2026; neither, were provided to AOF as a matter of course or courtesy. AOF, having substantial interest in nine (9) of the thirty (30) properties which are placed at issue by Plaintiffs' request for appointment of a federal equity receiver, now seeks to intervene. As the Court is aware, on July 10, 2026, Defendant Louis Investments, LLC filed for Chapter 11 bankruptcy protection in the United States District Court for the Northern District of Texas. Suggestion of Bankruptcy [Doc. 39]. Whether and to what extent the bankruptcy's automatic stay has on this matter has yet to be determined. A Status Conference is currently set in this matter for July 27, 2026, at which time the Court will determine whether the Motion for Receiver should be reset for hearing. *See* Order [Doc. 42]. Further, on July 10, 2026, the Court permitted the intervention of YSA Investments, LLC ("YSA"). *Id.* AOF's intervention is timely and will not prejudice any party.

### b. AOF has a direct, substantial, and legally protectable interest.

AOF has controlling interests in nine of the thirty properties in Defendants' portfolio. *See* Ex. A, ¶ 6. Conversely, Upperman's interest, through Illini, in upstream entities of the Nine Properties ranges from one-quarter percent (0.25%) to one and four-fifths percent (1.875%) with Illini holding not more than a three and three-quarter percent (3.75%).

AOF, by and through affiliates and subsidiaries, is the controlling member or investor of the Nine Properties. *See* Ex. A, ¶ 6. AOF has majority and/or controlling interests and/or sale or

refinance rights as to each of the Nine Properties and is significantly more financially invested in those properties than Upperman and Illini. In fact, Upperman and Illini's interest in four (4) of the Nine Properties (23 East Apartments, Copperfield Apartments, Putnam Green Apartments, and Village Creek Apartments), are purely by virtue of the guarantor agreements they signed. AOF, as the controlling member or investor in the properties identified, has the right to appoint property managers should Kulick and/or Louis Investments fail to properly carry out their duties pursuant to the controlling operating agreements. As things currently stand, AOF has not seen evidence of gross misconduct or mismanagement by Kulick and/or Louis Investments in the management of the Nine Properties, as alleged by the Verified Complaint. AOF does, however, have legally protectable interests in the Nine Properties that Plaintiffs are attempting to circumvent by appointing a receiver, despite there being no evidence of such appointment necessary over these Nine Properties.

### c. Appointment of a receiver without permitting AOF's intervention will impair AOF's ability to protect its interests.

As established above, the appointment of a receiver before AOF is heard will impair AOF's rights in the Nine Properties in multiple ways. The Motion for Receiver asks that the proposed receiver be granted expansive and indiscriminate control over the thirty (30) apartment complexes' operations and related entities' financial reporting, sale of assets, and potential bankruptcy filings. Plaintiffs are seeking the broadest possible powers permitted by law across multiple jurisdictions despite Upperman and Illini possessing a *de minimis* interest in the subject real properties. AOF has substantial interests in the Nine Properties and has seen no evidence of gross misconduct or mismanagement of assets from Defendants as to those properties. Furthermore, AOF's ability to protect its interests, as controlling member or investor of the Nine Properties, will be substantially impaired by the appointment of a portfolio-wide receiver. Plaintiffs seek to hand over all operations

and financial reporting to the receiver, including the ability to file bankruptcies, despite AOF having those same rights as a stakeholder in the Nine Properties. To allow Plaintiffs to exert such control over the Nine Properties despite having a *de minimis* financial interest would significantly impair and hinder AOF's ability to protect its interests.

### d.  AOF's interests are not adequately represented by the present parties.

The requirement that a potential intervenor's interests be inadequately represented is a minimal showing. *Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico Public Regulation Com'n*, 787 F.3d 1068, 1072 (10th Cir. 2015). The "likelihood of a divergence of interest 'need not be great' to satisfy the requirement." *Id.* (internal citations omitted).

Plaintiffs seek to appoint a receiver with sweeping powers, including the ability to sell assets and initiate potential bankruptcy proceedings for specific properties. To date, AOF has not seen any evidence of gross misconduct, misappropriation, or fraud on the part of Defendants affecting the Nine Properties. Although AOF does not have reason to believe the removal of Kulick or Louis Investments to be necessary at this time, AOF's interests are not adequately represented by Defendants either. As the controlling member or investor in the Nine Properties, AOF has specific removal rights and sale rights over the Nine Properties. AOF's ability to exercise its rights as a controlling member are impeded by Defendants. As such, AOF's interests are not adequately represented by Plaintiffs or Defendants.

### 2.  Alternatively, permissive intervention is warranted.

Even if the Court determines that AOF is not entitled to intervene as a matter of right, AOF should, nevertheless, be allowed permissive intervention under Rule 24(b). Permissive intervention requires a much less demanding showing and lies within a court's discretion. *Parson v. Farley*, 352 F.Supp.3d 1141, 1149. Under Rule 24, permissive intervention may be granted when

the party has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Claim or defense" is broadly interpreted so as to not preclude permissive intervention. *City of Herriman v. Bell*, 590 F.3d 1176, 1184 (10th Cir. 2010) (internal citations omitted). Finally, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

AOF's defenses share common questions of law and fact with Plaintiffs' receivership request, including the existence, or non-existence, of mismanagement of the Nine Properties, the necessity of the requested relief, and the practical consequences – as to both management of the Nine Properties and the effect a receivership will have on their investors – of the relief sought. AOF's intervention will not unduly delay the proceedings from its current schedule. Pursuant to the Court's Order [Doc. 42], granting YSA's Amended Motion to Intervene [Doc. 24], AOF is aware of the expedited briefing scheduling and status conference dates, and is prepared to comply with all deadlines pending the Court's Order granting this Motion. AOF's participation will provide clarity for the Court regarding whether a federal equity receiver is necessary or if there are other remedies available to protect the interests of all stakeholders.

### PROPOSED POSITION ON RECEIVERSHIP

Without waiving fuller argument to be presented in AOF's separately filed response and objection to the Motion for Receiver, AOF intends to show that the requested receivership is overbroad given Plaintiffs' *de minimis* ownership interest in the properties. Plaintiffs have requested a portfolio-wide receiver be appointed. AOF intends to show that, as to the Nine Properties, there has been no evidence of gross misconduct or mismanagement of assets, and that appointing a receiver over those specific properties is both overbroad and unnecessary. The Court should not enter such enormous relief without first hearing from all stakeholders affected by the

7

requested relief, especially when alternative remedies exist. AOF further intends to bring third-party claims against Intervenor YSA for injunctive relief.

<div align="center">

**Prayer for Relief**

</div>

For the above stated reasons, AOF requests that the Court:

1. Grant this Motion to Intervene under Rule 24(a)(2), or alternatively, under Rule 24(b);

2. Permit AOF to participate in all proceedings concerning Plaintiffs' Motion for Appointment of Federal Equity Receiver;

3. Set this Motion for expedited consideration;

4. Decline to grant ex parte receivership relief prior to hearing AOF;

5. Allow AOF to file a response and objection to Plaintiffs' Motion for Appointment of a Federal Equity Receiver; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

BARROW & GRIMM, P.C.

*/s Robert B. Sartin*
Robert B. Sartin, OBA No. 12848
Anne S. Maguire, OBA No. 31222
Rebecca M. Kamp, OBA No. 36168
110 West 7th Street, Suite 900
Tulsa, OK 74119
(918) 584-1600
(918) 585-2444 (Fax)
sartin@barrowgrimm.com
amaguire@barrowgrimm.com
rkamp@barrowgrimm.com
*Attorneys for Auerbach Opportunity Fund I, LP,*
*Auerbach Opportunity Fund III, LP, and*
*Auerbach Opportunity Fund IV, LP*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF Registrants:

| | |
|---|---|
| Jason Alan McVicker | Christopher M. Scaperlanda |
| Sharon K. Parker | Gatlin C. Squires |
| Stephen Q. Peters | John M. Krattinger |
| Thomas Martin Askew | David P. Limekiller |
| Andrew J. Hofland | Lacy B. Williamson |
| Andrew A. Shank | |

I hereby certify that on July 21, 2026, I served the same document via U.S. Postal Service on the following, who are not registered participants of the ECF system:

Marc Kulick
6500 W. 110th Street
Suite 201
Overland Park, KS 66211

/s Robert B. Sartin
Robert B. Sartin

15712.000

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

Exhibit A

1) John Alex Upperman, individually;
2) Illini Holdings, LLC;
3) Thrive Real Estate, LLC;
4) Wildwood Assets, LLC;
5) TU Properties, LLC;
6) Oak Street Capital, LLC; and
7) 12 Oak Lending, LLC

Case No. 26-cv-00383-GKF-SH

    Plaintiffs,

v.

8) Marc Kulick, individually;
9) Vesta Realty, LLC;
10) Vesta Holdings, LLC;
11) Louis Investments, LLC; and
12) Asset Holder, LLC,

    Defendants.

## AFFIDAVIT OF PETER AUERBACH

STATE OF _____ )
                     ) ss.
COUNTY OF _____ )

I, Peter Auerbach, being of lawful age and duly sworn, state:

1. I am the Manager of Auerbach Opportunity Fund I GP, LLC, the general partner of Auerbach Opportunity Fund I, LP ("AOF I").

2. I am the Manager of Auerbach Opportunity Fund III GP, LLC, the general partner of Auerbach Opportunity Fund III, LP ("AOF III").

3. I am the Manager of Auerbach Opportunity Fund IV GP, LLC, the general partner of Auerbach Opportunity Fund IV, LP ("AOF IV").

4. AOF I, AOF III, and AOF IV, are referred to collectively herein as "AOF".

5.      I was personally involved in the negotiation and execution of AOF's investment in the Nine Properties[1] placed at issue in this case by Plaintiff's Complaint [Doc. 2] and Motion for Appointment of a Federal Equity Receiver [Doc. 6].

6.      AOF has majority and/or controlling interests and/or sale or refinance rights in the following properties: Copperfield Apartments, One Eton Square, Remington Ranch Apartments, The Capitol on 28th, Drexel Flats, Fairfax, Village Creek, Putnam Green, and 23 East.[2]

FURTHER AFFIANT SAYETH NOT.


DATED this _____20th_____ day of July, 2026

*Peter Auerbach*
_____
Peter Auerbach


Signed and sworn to before me this _____20th_____ day of July, 2026 by Peter Auerbach.


*Jerodinho Florely*                                    10/09/2026
_____                     _____
Notary                                                      My Commission Expires


HH 320017
_____

Commission Number

JERODINHO FLORELY
Notary Public - State of Florida
Commission # HH 320017
Expires on October 9, 2026

Notarized remotely online using communication technology via Proof.

_____

[1] As referred to in the Motion to Intervene.
[2] As those terms are used in AOF's Motion to Intervene and Plaintiffs' Motion for Appointment of a Federal Equity Receiver [Doc. 6, at Ex. A].

2

15712.000

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

<div style="border:1px solid black; display:inline-block;">Exhibit B</div>

| | |
|---|---|
| 1) John Alex Upperman, individually;<br>2) Illini Holdings, LLC;<br>3) Thrive Real Estate, LLC;<br>4) Wildwood Assets, LLC;<br>5) TU Properties, LLC;<br>6) Oak Street Capital, LLC; and<br>7) 12 Oak Lending, LLC<br><br>Plaintiffs,<br><br>v.<br><br>8) Marc Kulick, individually;<br>9) Vesta Realty, LLC;<br>10) Vesta Holdings, LLC;<br>11) Louis Investments, LLC; and<br>12) Asset Holder, LLC,<br><br>Defendants. | Case No. 26-cv-00383-GKF-SH |

## INTERVENOR AUERBACH OPPORTUNITY FUND I, LP, AUERBACH OPPORTUNITY FUND III, LP, AND AUERBACH OPPORTUNITY FUND IV, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT VIII OF PLAINTIFFS' VERIFIED COMPLAINT

Intervenors Auerbach Opportunity Fund I, LP ("AOF I"), Auerbach Opportunity Fund III, LP ("AOF III"), and Auerbach Opportunity Fund IV, LP ("AOF IV") (AOF I, AOF III, and AOF IV, collectively "AOF") submit this Answer and Affirmative Defenses to Count VIII of Plaintiffs' Verified Complaint [Doc. 2] and to related relief, stating:

### LIMITED APPEARANCE

1.    AOF appears and intervenes for the limited purpose of opposing Plaintiffs' request to appoint a receiver and related relief, which includes the Verified Complaint's claim for relief asserted in Count VII: Appointment of Federal Equity Receiver, and paragraphs D, E, H, and I of the Prayer for Relief, and Motion for Appointment of a Federal Equity Receiver.

2.      AOF does not intervene as to, and does not answer, Plaintiffs' other causes of action, including Plaintiffs' RICO and non-receivership state law claims. Those actions are directed to other parties, not AOF, and thus do not require a response from AOF. To the extent any such allegations are construed to be directed to, concern, or implicate AOF, they are denied.

3.      Except as expressly admitted herein, AOF denies each and every remaining factual allegation within the Verified Complaint.

## ANSWER TO COUNT VIII[1]
### APPOINTMENT OF FEDERAL EQUITY RECEIVER

131.    Paragraph 131 of the Verified Complaint does not contain a factual allegation, and therefore, no response is required. To the extent a response is required, AOF denies the allegations.

132.    AOF denies the allegations set forth in Paragraph 132 of the Verified Complaint.

133.    AOF denies the allegations set forth in Paragraph 133 of the Verified Complaint.

134.    AOF is without sufficient information to admit or deny the allegations set forth in Paragraph 134 of the Verified Complaint and therefore denies the same.

135.    AOF is without sufficient information to admit or deny the allegations set forth in Paragraph 135 of the Verified Complaint and therefore denies the same.

136.    AOF denies the allegations set forth in Paragraph 136 of the Verified Complaint.

137.    AOF admits that Plaintiffs contemporaneously filed a Motion for Appointment of Federal Equity Receiver [Doc. 6], consistent with and in addition to Count VIII of the Verified Complaint.

## ANSWER TO VERIFIED COMPLAINT'S PRAYER FOR RELIEF

Subsections A, B, C, F, and G of the Verified Complaint's Prayer for Relief are for causes of action not directed at AOF, therefore no response is required. As for Subsections D, E, H, and

---

[1] Numbered to mirror the Verified Complaint [Doc. 2].

2

I, AOF denies that such remedies are appropriate or warranted considering there are more adequate and narrower remedies available.

### AFFIRMATIVE DEFENSES

### I. Lack of Sufficient Property Interest to Seek Receivership

Plaintiffs' receivership request is barred, in whole or in part, because Plaintiffs lack a meaningful property interest in the assets and real property over which they seek receivership control. Plaintiffs allege only financial interests, which are not interests in property that would support receivership of the properties.

### II. Failure to Satisfy Standard for Receivership

Appointment of a receiver is an extraordinary and sparingly exercised equitable remedy, and Plaintiffs have not established the urgent necessity, the inadequacy of other remedies, or another equitable basis to justify such relief here.

### III. Adequate Legal Remedies Exist

Plaintiffs and other stakeholders have adequate legal and contractual remedies, including foreclosure, guaranty enforcement, enforcement of contractual terms, state-court receivership proceedings, and other creditor remedies, which weigh against the appointment of a federal equity receiver.

### IV. Overbreadth

Plaintiffs' requested receivership is overbroad because it seeks plenary authority over multiple entities and assets situated in multiple jurisdictions, together with litigation, governance, and bankruptcy powers, far beyond the necessary actions to preserve specific property or protect particular claimed interests.

3

## V. Undue Prejudice to Third-Party Property Rights and Contractual Rights

The requested receivership would improperly impair and interfere with the property, lien, governance, and contractual rights of nonparties and intervening stakeholders, including AOF's interests.

## VI. Unclean Hands

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiffs have engaged in inequitable, unfair, and bad-faith conduct directly related to the subject matter of the requested receivership.

## VII. Laches

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## VIII. Reservation of Additional Defenses

AOF reserves the right to amend this Answer to assert such other and further defenses as may become available through the proceeding.

Respectfully submitted,

BARROW & GRIMM, P.C.

s/ *Robert B. Sartin*
Robert B. Sartin, OBA No. 12848
Anne S. Maguire, OBA No. 31222
Rebecca M. Kamp, OBA No. 36168
110 West 7th Street, Suite 900
Tulsa, OK 74119
(918) 584-1600
(918) 585-2444 (Fax)
sartin@barrowgrimm.com
amaguire@barrowgrimm.com
rkamp@barrowgrimm.com
*Attorneys for Auerbach Opportunity Fund I, LP,
Auerbach Opportunity Fund III, LP, and
Auerbach Opportunity Fund IV, LP*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF Registrants:

| | |
|---|---|
| Jason Alan McVicker | Christopher M. Scaperlanda |
| Sharon K. Parker | Gatlin C. Squires |
| Stephen Q. Peters | John M. Krattinger |
| Thomas Martin Askew | David P. Limekiller |
| Andrew J. Hofland | Lacy B. Williamson |
| Andrew A. Shank | |

I hereby certify that on July 21, 2026, I served the same document via U.S. Postal Service on the following, who are not registered participants of the ECF system:

Marc Kulick
6500 W. 110th Street
Suite 201
Overland Park, KS 66211

/s Robert B. Sartin
Robert B. Sartin

5