**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

JOHN ALEX UPPERMAN, individually;      )
ILLINI HOLDINGS, LLC;  THRIVE          )
REAL ESTATE, LLC; WILDWOOD             )
ASSETS, LLC; TU PROPERTIES, LLC;       )
OAK STREET; CAPITAL, LLC; and          )
12 OAK LENDING, LLC,                   )
                                       )
            Plaintiffs,                )      Case No. 26-cv-383-GKF-SH
                                       )
v.                                     )
                                       )
                                       )
MARC KULICK, individually; VESTA       )
REALTY, LLC; VESTA HOLDINGS,           )
LLC; LOUIS INVESTMENTS, LLC;           )
and ASSET HOLDER, LLC,                 )
                                       )
            Defendants.                )

## ANSWER OF DEFENDANTS VESTA REALTY, LLC; VESTA HOLDINGS, LLC; AND ASSET HOLDER, LLC TO VERIFIED COMPLAINT

Defendants Vesta Realty, LLC; Vesta Holdings, LLC; and Asset Holder, LLC (collectively, the "Defendants")[1] hereby Answer Plaintiffs' Verified Complaint [Dkt. 2] ("Complaint").

## INTRODUCTION

1.      Defendants deny the allegations in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations in Paragraph 2 of the Complaint, including the allegations contained in the Report attached as Exhibit A to the Complaint.

3.      Defendants admit Defendant Marc Kulick obtained loans from YSA Investments 1, LLC, which, upon information and belief, is controlled and operated by Efraim Diveroli. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

---

[1] Defendant Louis Investments, LLC filed its Suggestion of Bankruptcy [Dkt. 39] herein on July 10, 2026.  Defendant Marc Kulick has not yet been served.

1

4.      Defendants deny the allegations in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Defendants admit that this Court has original federal-question jurisdiction. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendants admit that venue is proper due to Defendant Marc Kulick's Oklahoma citizenship. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations in Paragraph 8 of the Complaint.

9.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10.     Defendants admit this Court generally has the equitable power to appoint a federal equity receiver, but Defendants deny that the Court should appoint a federal equity receiver in this case. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

## PARTIES

### A. Plaintiffs

11.     Defendants admit that Plaintiff Upperman is a resident of Kansas and that he signed as a guarantor on certain property-level loans. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

### B. Defendants

12.     Defendants admit Defendant Kulick resides in Tulsa, Oklahoma. Defendants further admit Defendant Kulick is the manager of Vesta Realty, LLC, the member and manager of Louis Investments, LLC, and the manager of Asset Holdings, LLC. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

2

13.     Defendants admit that Vesta Realty, LLC is a Kansas limited liability company that serves as a property management company for multi-family apartment complexes. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.     Defendants admit that Louis Investments, LLC is a Kansas limited liability company that serves as the manager, sometimes indirectly, of most of the limited liability companies that own the underlying properties. Defendants further admit Defendant Kulick is the sole member and manager of Louis Investments, LLC. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendants admit that Vesta Holdings, LLC is an Oklahoma limited liability company. Defendants further admit that Defendant Kulick is the sole member and manager of Vesta Holdings, LLC. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendants admit that Asset Holder, LLC is an Oklahoma limited liability company. Defendants further admit Asset Holder, LLC is designated as a "Borrower" in loans with YSA Investments 1, LLC. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

## FACTUAL ALLEGATIONS

### A. Upperman's Introduction to Kulick

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore deny the same.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore deny the same.

3

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore deny the same.

20.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore deny the same.

21.     Defendants admit the allegations of the first three sentences in Paragraph 21 of the Complaint.  Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore deny the same.

23.     Defendants admit that Plaintiff Upperman lent money to Vesta Holdings, LLC. Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24.     Defendants admit that Fannie Mae began filing foreclosure actions in approximately March of 2026. Defendants deny the remaining allegations in Paragraph 24 of the Petition.

25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore deny the same.

## B.  The Enterprise Structure and Kulick's Control

26.     Defendants  are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore deny the same.

27.     Defendants admit Plaintiff Upperman invested in Vesta Realty, LLC. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and therefore deny the same.

28.     Defendants admit that each multifamily property is in a special purpose entity (SPE) with its own distinct investor group and ownership structure. Defendants further admit that

4

Louis Investments, LLC serves as the manager, sometimes indirectly, of most the limited liability companies that own the underlying properties. Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29.    Defendants admit the allegations in the first sentence of Paragraph 29 of the Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint and therefore deny the same.

30.    Defendants admit the Second Amended and Restated Operating Agreement of Vesta Realty, LLC required member consent for certain actions and that the Agreement speaks for itself. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint and therefore deny the same.

**C.  The Manager's Memorandum and Failed Internal Controls**

31.    Defendants admit that in January 2018, Defendant Marc Kulick, as manager of Vesta Realty, LLC, executed a Manager's Memorandum. The document speaks for itself. Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore deny the same.

33.    Defendants deny the allegations in Paragraph 33 of the Complaint.

**D.  Misappropriation of Funds – The Forensic Report**

34.    Defendants deny the allegations in Paragraph 34 of the Complaint, including subparts (a)-(h) and including the allegations contained in the Report attached as Exhibit A to the Complaint.

35.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore deny the same.

36.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore deny the same.

37.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore deny the same.

**E.  Fraudulent Capital Calls**

38.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore deny the same.

39.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore deny the same.

40.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore deny the same.

41.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore deny the same.

42.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore deny the same.

43.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore deny the same.

44.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore deny the same.

**F.  Unauthorized Borrowings and Collateralizations**

45.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore deny the same.

46.    Defendants admit that Defendant Marc Kulick obtained loans from YSA Investments 1, LLC, controlled by Efraim Diveroli. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint and therefore deny the same.

47.    Defendants state that the briefs filed in the Chancery Court in Delaware speak for themselves. Defendants deny the remaining allegations in Paragraph 47 of the Petition.

48.    Defendants admit that Defendant Marc Kulick obtained loans from YSA Investments 1, LLC, controlled by Efraim Diveroli. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint and therefore deny the same.

49.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore deny the same.

50.    Defendants admit that Defendant Marc Kulick executed a Collateral Pledge and Security Agreement in February 2025 and that Kulick pledged his own interest in certain entities. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 50 of the Complaint and therefore deny the same.

51.    Defendants admit that YSA Investments 1, LLC has filed second mortgages on certain properties that it did not have the authority to do. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 51 of the Complaint and therefore deny the same.

52.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore deny the same.

53. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore deny the same.

54. Defendants admit a trial was conducted in the Delaware Chancery Court on Defendant Marc Kulick's motion for injunction. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55. Defendants admit that the Delaware Chancery Court denied Defendant Marc Kulick's request for an injunction. Defendants disagree with the conclusion reached by the Delaware Chancery Court. Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

56. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, including subparts (a)-(j) and therefore deny the same.

57. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore deny the same.

58. Defendants admit that Presidio filed the lawsuit, CJ-2025-5089 in Tulsa County, Oklahoma, on November 3, 2025. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 58 of the Complaint and therefore deny the same.

59. Defendants admit that Fannie Mae filed foreclosure proceedings on Woodscape in CJ-2026-1969 in Oklahoma County, Oklahoma. Defendants deny the remaining allegations in Paragraph 59 of the Complaint.

### G. Unauthorized Debt Sales at Fire-Sale Prices

60.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore deny the same.

61.     Defendants admit Vesta Holdings, LLC had certain loans. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Complaint and therefore deny the same.

62.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and therefore deny the same.

63.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore deny the same.

### H. Deterioration of Properties and Nonpayment of Operating Expenses

64.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore deny the same.

### I. Misappropriation of Proceeds from Property Sales

65.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore deny the same.

### J. Proliferation of Defaults, Foreclosures, and Receiverships

66.     Defendants admit only that certain lawsuits have been filed against Defendants and property-level entities and that the lawsuits speak for themselves. Defendants deny the remaining allegations in Paragraph 66 of the Complaint, including subparts (a)-(d).

67.     Defendants admit only that certain appointments of receivers for property-level entities have been appealed. Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

**K. Obstruction of Books and Records Requests from Investors**

68.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore deny the same.

69.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore deny the same.

**L. Kulick's Exploitation of Oklahoma Law to Block Lender-Initiated Receiver Appointments**

70.    Defendants admit only that certain appointments of receivers for property-level entities have been appealed. Defendants deny the remaining allegations in Paragraph 70 of the Complaint.

71.    Defendants admit only that certain appointments of receivers for property-level entities have been appealed. Defendants deny the remaining allegations in Paragraph 71 of the Complaint.

72.    Defendants deny the allegations in Paragraph 72 of the Complaint.

**M. Upperman's Injuries and Guaranty Exposure**

73.    Defendants admit Plaintiff Upperman has invested money in certain entities. Defendants deny the remaining allegations in Paragraph 73 of the Complaint.

74.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and therefore deny the same.

75.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore deny the same.

76.    Defendants admit Plaintiff Upperman has guarantied certain property-level entity loans. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 76 of the Complaint and therefore deny the same.

77.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and therefore deny the same.

## COUNT I
### (Violation of RICO by Defendant Marc Kulick)
### THE RICO ENTERPRISE

78.    Defendants deny the allegations in Paragraph 78 of the Complaint.

### A.  Legal Entity Enterprises

79.    Defendants admit that Vesta Realty, LLC is an entity that manages multifamily properties in Oklahoma, Kansas, and Arkansas. Defendants deny the remaining allegations in Paragraph 79 of the Complaint.

80.    Defendants admit that Louis Investments, LLC is an entity that serves as the manager, sometimes indirectly, of most of the limited liability companies that own the underlying properties.  Defendants deny the remaining allegations in Paragraph 80 of the Complaint.

81.    Defendants admit that Vesta Holdings, LLC is an entity that obtained loans. Defendants deny the remaining allegations in Paragraph 81 of the Complaint.

82.    Defendants admit that Asset Holder, LLC is an entity. Defendants deny the remaining allegations in Paragraph 82 of the Complaint.

### B.  Association-in-Fact Enterprise

83.    Defendants deny the allegations in Paragraph 83 of the Complaint.

84.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and therefore deny the same.

85.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and therefore deny the same.

**PATTERN OF RACKETEERING ACTIVITY – PREDICATE ACTS**

86.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint and therefore deny the same.

87.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint and therefore deny the same.

### A.  Wire Fraud (18 U.S.C. § 1343)

88.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, including subparts (a)-(k) and therefore deny the same.

### B.  Mail Fraud (18 U.S.C. § 1341)

89.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint, including subparts (a)-(d) and therefore deny the same.

### C.  Money Laundering (18 U.S.C. § 1956)

90.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint, including subparts (a)-(e) and therefore deny the same.

### D.   Pattern:  Relatedness and Continuity

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and therefore deny the same.

**Violation of 18 U.S.C. § 1962(c) – Conduct of Enterprise Affairs Through a Pattern of Racketeering Activity**

93.     Defendants reallege and incorporate by reference their Answers to Paragraphs 1-92 of the Complaint as if fully set forth herein.

94.     The allegations in Paragraph 94 constitute a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and therefore deny the same.

96.     Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and therefore deny the same.

98.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and therefore deny the same.

99.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and therefore deny the same.

100.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint and therefore deny the same.

## COUNT II

**(State Law Conversation Against All Defendants)**

101.    Defendants reallege and incorporate by reference their Answers to Paragraphs 1-100 of the Complaint as if fully set forth herein.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

## COUNT III

### (State Law Breach of Fiduciary Duty Against All Defendants)

105.    Defendants reallege and incorporate by reference their Answers to Paragraphs 1-104 of the Complaint as if fully set forth herein.

106.    The allegations in Paragraph 106 constitute a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 106 of the Complaint. The Vesta Realty, LLC Operating Agreement speaks for itself.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint, including subparts (a)–(j).

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

## COUNT IV

### (State Law Accounting Against All Defendants)

109.    Defendants reallege and incorporate by reference their Answers to Paragraphs 1-108 of the Complaint as if fully set forth herein.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations in Paragraph 112 of the Complaint.

## COUNT V

### (State Law Constructive Trust Against All Defendants)

113.    Defendants reallege and incorporate by reference their Answers to Paragraphs 1-112 of the Complaint as if fully set forth herein.

114.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint and therefore deny the same.

115.    Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations in Paragraph 116 of the Complaint.

## COUNT VI

### (State Law Fraud Against All Defendants)

117.    Defendants reallege and incorporate by reference their Answers to Paragraphs 1-116 of the Complaint as if fully set forth herein.

118.    The allegations in Paragraph 118 constitute a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations in Paragraph 119 of the Complaint, including subparts (a)-(h).

120.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint and therefore deny the same.

121.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint and therefore deny the same.

122.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint and therefore deny the same.

123.    Defendants deny the allegations in Paragraph 123 of the Complaint, including subparts (a)-(e).

## COUNT VII

### (State Law Fraudulent Inducement Against All Defendants)

124.    Defendants reallege and incorporate by reference their Answers to Paragraphs 1-123 of the Complaint as if fully set forth herein.

125.    Defendants deny the allegations in Paragraph 125 of the Complaint, including subparts (a)-(e).

126.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and therefore deny the same.

127.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint and therefore deny the same.

128.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint and therefore deny the same.

129.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint and therefore deny the same.

130.    Defendants deny the allegations in Paragraph 130 of the Complaint, including subparts (a)-(e).

## COUNT VIII

### Appointment of Federal Equity Receiver

131.    Defendants reallege and incorporate by reference their Answers to Paragraphs 1-130 of the Complaint as if fully set forth herein.

132.    Defendants deny the allegations in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations in Paragraph 133 of the Complaint, including subparts (a)-(f).

134.    Defendants deny the allegations in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations in Paragraph 136 of the Complaint, including (a)-(k).

137.    Defendants admit Plaintiffs filed a motion concurrently with their Complaint seeking an appointment of a federal equity receiver, but Defendants deny that the Court should appoint a federal equity receiver in this case. Defendants deny the remaining allegations, if any, in Paragraph 137 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the remedies requested in their Prayer for Relief, including subparts (A)-(L) following Paragraph 137 of the Complaint. Defendants reserve the right to amend this Answer as discovery and investigation of the matters alleged in the Petition are ongoing.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs failed to state a claim for which relief can be granted in whole or in part against Defendants.

2.    Plaintiffs' claims against Defendants are barred or limited, in whole or in part, by the terms of the loan documents and/or governing corporate documents.

3.    Plaintiffs' claims against Defendants are barred or limited, in whole or in part, by the doctrines of laches, accord and satisfaction, payment, waiver, estoppel, unclean hands, and/or res judicata.

4.    Plaintiffs' requested relief violates the automatic stay instituted due to the filings of bankruptcies by certain property-level entities.

5.    Plaintiffs failed to comply with conditions in the operating agreements for Defendants and the property-level entities.

Defendants reserve the right to add additional affirmative defenses as discovery and investigations of the matters alleged in the Complaint is ongoing.

**WHEREFORE,** Defendants Vesta Realty, LLC; Vesta Holdings, LLC; and Asset Holder, LLC respectfully pray that Plaintiffs take nothing by their Complaint, that judgment be entered in favor of Defendants, and that Defendants be awarded attorneys' fees and costs, along with such other relief as the Court deems just and proper.

Dated:  July 21, 2026

s/ Andrew A. Shank
Andrew A. Shank, OBA #22298
Lacy B. Williamson, OBA #34004
Eller & Detrich, PC
2727 East 21st Street, Suite 200
Tulsa OK 74114
918 747 8900 (Telephone)
918 747 2665 (Facsimile)
ashank@ellerdetrich.com
lwilliamson@ellerdetrich.com

**Certificate of Service**

I hereby certify that on July 21, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Northern District of Oklahoma using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are registered CM/ECF users in this case.

I also certify that on July 21, 2026, I hereby served the same document by email to the following, who are not registered participants of the ECF system:

Marc R. Greenberg – marc.greenberg@tuckerellis.com
Thomas R. Fawkes – Thomas.fawkes@tuckerellis.com

s/Andrew A. Shank
Andrew A. Shank