**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOHN ALEX UPPERMAN, individually; | ) | |
| ILLINI HOLDINGS, LLC; | ) | |
| THRIVE REALESTATE, LLC; | ) | |
| WILDWOOD ASSETS, LLC; | ) | |
| TU PROPERTIES, LLC; | ) | |
| OAK STREET CAPITAL, LLC; and | ) | |
| 12 OAK LENDING, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 26-CV-383-GKF-SH |
| | ) | |
| MARC KULICK, individually; | ) | |
| VESTA REALTY, LLC; | ) | |
| VESTA HOLDIGNS, LLC; | ) | |
| LOUIS INVESTMENTS, LLC; and | ) | |
| ASSET HOLDER, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**FEDERAL NATIONAL MORTGAGE ASSOCIATION'S**
**NOTICE OF BANKRUPTCY OF DEFENDANT YSA INVESTMENTS 1, LLC**

Intervenor, Federal National Mortgage Association ("Fannie Mae"), files this Notice

to explain the impact of certain pending bankruptcy proceedings on Fannie Mae's position

in this matter:

1.  On June 25, 2026, Plaintiffs filed a Motion for Appointment of a Federal

Equity Receiver (the "Motion") [Doc. No. 6], seeking appointment of a receiver over each

of the Defendants and the "property-level entities controlled by Defendant Marc Kulick."

Doc. No. 6, at 2.

2.  On July 17, 2026, Fannie Mae filed a Motion to Intervene [Doc. No. 51]

seeking to "protect its interests in the multifamily apartment complexes securing Fannie

Mae's loans, the rents and other proceeds generated by those properties, and the loan document rights and remedies Fannie Mae has already exercised following default." Doc. No. 51, at 2. Because the Motion sought a receiver over the property-level entities controlled by Kulick, which included Fannie Mae's borrowers who controlled the apartment complexes securing Fannie Mae's loans, Fannie Mae sought to intervene. *See id.*

3.      As set forth in Fannie Mae's Motion to Intervene and Fannie Mae's Proposed Answer [Doc. 51-1], Fannie Mae's sole objection to Plaintiffs' Motion for Appointment of a Federal Equity Receiver is that Plaintiffs' proposed receivership would extend to property-level entities for which Fannie Mae owns the loan.  Fannie Mae takes no position as to the propriety of the proposed receivership as to any other entities.

4.      Prior to Fannie Mae's intervention, YSA Investments 1, LLC also sought (and was permitted) to intervene claiming an interest in the same property-level entities and the underlying properties. *See generally* Am. Motion to Intervene, Doc. No. 24.

5.      On July 28, 2026, YSA filed a Voluntary Petition for Non-Individuals Filing for Bankruptcy in the United States Bankruptcy Court for the District of Delaware, Case No. 26-11178-BLS (the "YSA Bankruptcy"). *See* YSA Investments 1, LLC's Suggestion of Bankruptcy and Notice of Automatic Stay ("Suggestion of Bankruptcy"), Doc. No. 88.

6.      As of this filing, YSA has not identified what assets it claims as part of the bankruptcy estate in the Delaware bankruptcy proceedings.  However, YSA's prior pleadings in this matter clearly demonstrate that YSA asserts an interest in the property-level entities and the property they own.

7.    As a result of the YSA Bankruptcy, YSA's claimed interest in the property-level entities, and any bankruptcy filing involving any of the property-level entities, Fannie Mae understands that, pending relief or other action by the United States Bankruptcy Court for the District of Delaware or such other bankruptcy court exercising appropriate jurisdiction, Plaintiffs' claims in this matter are stayed insofar as they implicate the property-level entities, as is the Motion insofar as it seeks a receivership over the property-level entities.

8.    Because the Motion is stayed insofar as it seeks a receivership over the property-level entities, because Fannie Mae takes no position as to the relief sought in the Motion except insofar as the Motion seeks a receivership over the property-level entities, and to avoid any violation of the automatic stay imposed by the filing of the YSA Bankruptcy or any bankruptcy filing by any of the property-level entities, Fannie Mae will not file a response to the Plaintiffs' Motion [Doc. No. 6] at this time.

Respectfully submitted,

*/s Christopher M. Scaperlanda*
Christopher M. Scaperlanda, OBA #31703
Gatlin C. Squires, OBA #34795
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma 73120
Telephone:    (405) 235-9621
Facsimile:    (405) 235-0439
christopher.scaperlanda@mcafeetaft.com
gatlin.squires@mcafeetaft.com

**Attorneys for Federal National Mortgage Association**

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Northern District of Oklahoma using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are registered CM/ECF users in this case.

I further certify that on August 6, 2026, I served a true and correct copy of the foregoing document on the following parties, who have not yet entered an appearance or are not registered CM/ECF users, by first-class mail:

Marc Kulick
6500 W. 110th Street
Suite 201
Overland Park, KS 66211

**Defendant**

*/s/ Christopher M. Scaperlanda*
Christopher M. Scaperlanda